**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-1865**

———————

DENIS ORLANDO CENTENO-ROSALES,

        Petitioner,

     v.

WILLIAM P. BARR, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: January 31, 2020              Decided: February 7, 2020

———————

Before MOTZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Benjamin J. Osorio, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Victor M. Lawrence, Senior Litigation Counsel, Matthew A. Connelly, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denis Orlando Centeno-Rosales, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We conclude that Centeno-Rosales was not denied due process because the IJ found that Centeno-Rosales did not submit his expert's statement and curriculum vitae on time. Due process, in the context of an immigration hearing, requires that aliens be given "an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair hearing on their claims." *Rusu v. INS*, 296 F.3d 316, 321-22 (4th Cir. 2002). To establish a due process violation during removal proceedings, an alien must show: "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). Centeno-Rosales has not shown that the IJ's decision to exclude evidence was based on a defect in the proceeding. Centeno-Rosales' argument that the IJ did not impose a filing deadline was not raised on appeal to the Board. An alien who fails to raise a particular claim before the Board fails to exhaust that claim. *See Tiscareno-Garcia v. Holder,* 780 F.3d 205, 210 (4th Cir. 2015). This exhaustion requirement is applied to both "final orders of removal globally" and "particular claims specifically." *Shaw v. Sessions,* 898 F.3d 448, 456 (4th Cir. 2018) (alteration and internal quotation marks omitted).

We further conclude that the Board's finding that the IJ's adverse credibility finding was not clearly erroneous is support by substantial evidence. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015). The IJ cited specific discrepancies concerning Centeno-Rosales' claim that he was assaulted on two occasions by Salvadoran police because he was suspected of being a gang member. "A single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." *Id*. at 207. We also conclude that, after reviewing the independent evidence, Centeno-Rosales' status as a suspected gang member and the warrant for his arrest based on his failure to appear in court for a hearing to address the charge of gang membership does not compel a finding that he will be persecuted on account of a protected ground.

Lastly, while the agency gave short shrift to Centeno-Rosales' independent evidence in denying his eligibility for protection under the CAT, we conclude that substantial evidence supports the finding that Centeno-Rosales failed to show that the Salvadoran government intended to torture him. *See Oxygene v. Lynch*, 813 F.3d 541, 550 (4th Cir. 2016) (adopting intent standard for CAT claims as announced in *In re J-E-*, 23 I. & N. Dec. 291 (B.I.A. 2002)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*